IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr284-MHT |
| | ) | (WO) |
| REGINALD MCCOY | ) | |

OPINION AND ORDER

This case is before the court on a motion to continue filed by defendant Reginald McCoy. For the reasons set forth below, the court finds that trial for this action, now set for February 4, 2019, should be continued pursuant to 18 U.S.C. § 3161(h)(7) to March 11, 2019.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and McCoy in a speedy trial. Current defense counsel was appointed to represent

McCoy on November 15, 2018, after the pretrial motion deadline had expired. Counsel moved for leave to file a motion to suppress out of time; however, the magistrate judge denied motion in part because there was not enough time before the February 4 trial date. The government does not oppose the motion to continue. The court concludes that a continuance is warranted to allow for the filing and resolution of McCoy's motion to suppress.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Reginald McCoy's motion to continue (doc. no. 32) is granted.

(2) The jury selection and trial for defendant McCoy, now set for February 4, 2019, are reset for March 11, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 9th day of January, 2019.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**