IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr284-MHT |
| | ) | (WO) |
| REGINALD McCOY | ) | |

OPINION AND ORDER

This case is before the court on defendant Reginald McCoy's motion to compel disclosure of the government's confidential source. Having considered McCoy's motion, and based on the representations made on the record on April 2, 2019, the court concludes, for the reasons set forth below, that McCoy's motion should be denied.

Although the government has the privilege to withhold the identity of its sources or informants from disclosure, this privilege is not absolute, and sometimes must give way when necessary to allow a criminal defendant to prepare a defense. *See Roviaro v. United States*, 353 U.S. 53, 59-60 (1957). "In determining when the government's privilege must give way to a defendant's right to prepare his defense, a

court must engage in a balancing test, taking into account the particular circumstances of each case, the crime charged, possible defenses, and the potential significance of the informant's testimony." *United States v. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991) (citing *Roviaro*, 353 U.S. at 62). According to the Eleventh Circuit Court of Appeals, the balancing test considers: (1) "the extent of the informant's participation in the criminal activity," (2) "the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant," and (3) "the government's interest in nondisclosure." *Gutierrez*, 931 F.2d at 1490 (quoting *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985)).

McCoy has not demonstrated that his need for disclosure of the confidential source's identity outweighs the government's interest in withholding it. First, the confidential source was not involved in the criminal activity for which McCoy was indicted.

Second, McCoy has failed to articulate a clear relationship between his defense and the confidential source's potential testimony. As an initial matter, McCoy did not indicate that he intends to call the confidential source as a witness at trial; therefore, the court cannot assess the directness of the relationship between the source's probable testimony and McCoy's defense. In any case, while McCoy represents that he will use the source's identity for the purpose of impeachment, he has failed to clarify why he needs the confidential source's identity in order to impeach the government's witnesses. Finally, McCoy has not pointed to any circumstances in this case suggesting that the court should give reduced weight to the government's usual interest in protecting a confidential source. Therefore, the court concludes that disclosure is not warranted in this case.

\*\*\*

Accordingly, it is ORDERED that defendant Reginald McCoy's motion to compel disclosure of confidential source (doc. no. 55) is denied.

DONE, this the 3rd day of April, 2019.

                                        /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE